NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10272 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00391-JAM |
| v. | |
| FAUSTO DIAZ-LOZANO, a.k.a. Fausto Diaz, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Fausto Diaz-Lozano appeals from the district court's judgment and

challenges the 210-month sentence imposed on remand following his jury-trial

conviction for conspiracy to distribute and possess with intent to distribute at least

500 grams of methamphetamine, possession with intent to distribute at least 50

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

grams of methamphetamine (actual), conspiracy to manufacture at least 100 marijuana plants, and manufacture of at least 100 marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), 846. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Diaz-Lozano contends that the district court erred in applying a two-level aggravating role enhancement under U.S.S.G. § 3B1.1(c). Contrary to the government's argument, our review of the district court's application of the aggravating role enhancement is not precluded by the law-of-the-case doctrine because the previous panel did not hold that application of the aggravating role enhancement was appropriate.[1] *See Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982) (under law-of-the-case doctrine, a court is precluded from reexamining an issue that was "decided explicitly or by necessary implication in this court's previous disposition").

A district court's application of the Guidelines to the facts of a case is reviewed for abuse of discretion, and its underlying factual findings are reviewed for clear error. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir.

_____

[1] We grant Diaz-Lozano's unopposed motion to take judicial notice of excerpts of his briefs in the previous appeal.

2                                                                              17-10272

2017) (en banc). The district court did not abuse its discretion in applying the two-level aggravating role enhancement. Although Roberto Bermudez-Ornelas's statement implicating Diaz-Lozano as his supervisor in caring for the marijuana plants was hearsay, the statement had "some minimal indicia of reliability" because it was supported by extrinsic evidence. *See United States v. Pimentel-Lopez*, 859 F.3d 1134, 1144 (9th Cir. 2017) (citation and quotation marks omitted). In particular, evidence reflected that Diaz-Lozano previously discussed having a person stay at his marijuana grow site for a while, and Diaz-Lozano claimed ownership of the marijuana grow site where officers encountered Bermudez-Ornelas.

**AFFIRMED.**